IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LEIGH DAVIS,**<br><br>Plaintiff,<br><br>v.<br><br>**AMERICAN EXPRESS PREPAID CARD MANAGEMENT CORPORATION,**<br><br>Defendant. | 1:16-cv-00591 LJO MJS<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT WITHOUT PREJUDICE**<br><br>**FINDINGS AND RECOMMENDATION TO DENY MOTIONS FOR ISSUANCE OF SUMMONS AND LEAVE TO FILE ELECTRONICALLY** |

**I.     Introduction**

Plaintiff Leigh Davis ("Plaintiff"), proceeding *pro se*, filed her complaint against defendant American Express Prepaid Card Management Corporation ("Defendant" or "AmEx") seeking relief under the Federal Credit Reporting Act, the Federal Credit Card Responsibility and Disclosure Act, and several state law claims including the state fair credit reporting act, negligent and intentional infliction of emotional distress, California unfair competition law, California consumer legal remedies act, fraudulent concealment, and unjust enrichment. (Complaint, ECF No. 1.) Plaintiff bases this action on federal question jurisdiction. Accordingly, the Court will screen the federal causes of action alleged to determine if subject matter jurisdiction is asserted and, if not, whether the

1

complaint must be dismissed.

**II.     Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the complaint for sufficiency to state a claim. The Court must dismiss a complaint or portion thereof if it determines that the action has raised claims that are legally "frivolous or malicious," "fails to state a claim upon which relief may be granted," or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**III.    Factual Summary**

The dispute arises from allegedly fraudulent and unauthorized charges to pre-paid credit cards issued to Plaintiff. Plaintiff claims that she made a purchase from an online retailer, and as part of a rebate offer, was provided two prepaid American Express cards containing the rebate payment. (Compl., ECF No. 1 at ¶ 10.) Plaintiff alleges that an unauthorized charge of $10 from "MyFax.com" appeared on one of the cards. (Id. at ¶ 13.) Plaintiff reported the unauthorized charge to Defendant, but Defendant took no action. (Id.) Plaintiff also alleges she was charged "numerous" $2 monthly service fees, which were unauthorized, and repeatedly demanded a refund check from Defendant in the amount of $16.16 for the illegal service fees and the fraudulent charge. (Id. at ¶¶ 14-16.) Plaintiff also alleges that Defendant engaged in further fraudulent conduct when a "purchase refund" was processed on one of the cards for $8, even though the purchase was made with $1 on the prepaid card and $7 of cash. (Id. at ¶ 29.) Plaintiff alleges that Defendant stole the refund by charging monthly fees against the refunded balance that was placed on the card. (Id. at ¶¶ 30-31.)

Plaintiff contends that she made several attempts to contact Defendant, but Defendant did not refund the amounts in question. Instead, Plaintiff believes that

Defendant illegally ran her credit and obtained her credit report to attempt to investigate the threat of this lawsuit and determine the amount of resources Plaintiff had to support the lawsuit. (Id. at ¶ 32.) Based on Defendant's actions, Plaintiff alleges that in addition to the monetary damages suffered, she has also suffered health problems, anxiety, a sleep disorder, and emotional distress. (Id. at ¶ 34.)

Plaintiff filed the instant action with this Court on April 27, 2016. She seeks relief under the Federal Fair Credit Reporting Act and the Credit Card Accountability Responsibility and Disclosure Act, along with various state causes of action. Plaintiff motion to proceed in forma pauperis was granted on May 12, 2016.

Additionally, Plaintiff has filed motions for leave to file electronically, and for the Clerk of Court to issue summons. (ECF No. 5-7.)

**IV.  Analysis**

    **A.  Lack of Jurisdiction and Fed. R. Civ. P. 12(b)(1)**

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases authorized by the United States Constitution and Congress. Generally, such cases involve diversity of citizenship or a federal question, or cases in which the United States is a party. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); Finley v. United States, 490 U.S. 545, 109 S. Ct. 2003, 104 L. Ed. 2d 593 (1989). Federal courts are presumptively without jurisdiction over civil actions. Kokkonen, 511 U.S. at 377. Lack of subject matter jurisdiction is never waived and may be raised by the Court sua sponte. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing." In re Mooney, 841 F.2d 1003, 1006 (9th Cir. 1988).

        **1.  Federal Question Jurisdiction**

Under federal question jurisdiction, district courts are authorized to exercise original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of

the United States." 28 U.S.C. § 1331. A civil action can "arise under" federal law in two ways. Gunn v. Minton, ___ U.S. ___, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013). Most directly, "a case arises under federal law when federal law creates the cause of action asserted." Id. If, however, a claim finds its origins in state rather than federal law, federal jurisdiction will lie only "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Id.; see also Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005).

Here, Plaintiff seeks relief under two federal statutes. (See generally, Compl.) To the extent that Plaintiff's federal claims are either not cognizable, or do not state claims that would entitle Plaintiff to relief, the claims would not form a basis for federal question jurisdiction. Plaintiff has not alleged any other federal basis for her complaint as the state causes action are alleged under supplemental jurisdiction. Accordingly, the Court will review Plaintiffs' federal claims, to determine whether Plaintiff has established subject matter jurisdiction.

### A. Federal Fair Credit Reporting Act

Plaintiff alleges that Defendant violated the Federal Fair Credit Reporting Act ("FCRA") by obtaining Plaintiff's credit report without a permissible purpose. (Compl. at ¶ 35-39.)

Under the FCRA, consumer agencies are authorized to furnish consumer reports only for certain "permissible purposes." One such purpose is the use of the information "in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to … the consumer." 15 U.S.C. § 1681b(a)(3). If the credit transaction is not initiated by the consumer, the consumer agency is further restricted, and may issue a credit report only if, among other things, "the transaction consists of a firm offer of credit …." See 15 U.S.C. § 1681b(c)(1)(B)(i), § 1681b(f). A "firm offer of credit" is "any offer of credit or insurance to a consumer that will

be honored if the consumer is determined, based upon information in a consumer report on the consumer, to meet specific criteria used to select the consumer for the offer …" 15 U.S.C. § 1681a(l).

In addition, any person who uses a consumer report on any consumer in connection with a credit transaction that is not initiated by the consumer is required to disclose to the consumer that: (1) consumer credit reports were used to determine who should receive the credit offer; (2) the consumer was selected because she satisfied certain criteria; (3) if the consumer does not continue to meet the criteria for a finding of creditworthiness or fails to provide the required collateral, then the offer may not be extended; (4) the consumer may opt out of future credit offers by prohibiting the unsolicited use of information contained in her credit file; and (5) the consumer may exercise that right by calling a given toll-free number or by contacting the credit agency at a stated address. See 15 U.S.C. 1681m(d). The above information must be "presented in such format and in such type size and manner as to be simple and easy to understand." Id.

Even assuming there was a violation of FCRA, it appears that Plaintiff's claims are barred as a matter of law, because there is no private right of action for violation of the § 1681m(d) disclosure requirements. The FCRA imposes civil liability on any person who wilfully or negligently fails to comply with the requirements of the FCRA. 15 U.S.C. §§ 1681n, 1681o. In 2003, Congress enacted the Fair and Accurate Transactions Act ("FACTA"), Pub. L. No. 108-159, 117 Stat. 1952 (2003), which amended the FCRA to eliminate private rights of action for violations of § 1681m(d). As amended by FACTA, § 1681m now provides that "sections 1681n and 1681o of this title shall not apply to any failure by any person to comply with this section," and that "this section shall be enforced exclusively under section 1681s by the Federal agencies and officials identified in this section." 15 U.S.C. § 1681m(h)(8). While § 1681n and § 1681o of the FCRA generally establish a private right of action for certain violations of the FCRA, § 1681m(h)(8) (added by FACTA) now expressly provides that there is no private right of action for

violations of § 1681m.

It does not appear that Plaintiff can state a cognizable claim under FCRA, and therefore the claim should be dismissed. However, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations & quotation marks omitted). "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) (citation omitted). The Court therefore recommends that the claim be dismissed without prejudice, and that Plaintiff be provided an opportunity to file an amended complaint to attempt to state a claim under FCRA.

### B. Federal Electric Funds Transfer Act

Plaintiff also asserts that Defendant violated the Federal Electric Funds Transfer Act ("EFTA"). 15 U.S.C. §§ 1693 et. seq. Specifically, Plaintiff alleges that she notified Defendant of unauthorized fraudulent charges on the rebate cards, but Defendant failed to act. (Compl. at ¶ 42.) She also asserts that Defendant failed to issue a new card to protect the remaining balance, and the cards were issued with illegal expiration dates and service fees. (Id. at ¶¶ 43-45.)

While Plaintiff alleges that Defendant's actions violated the EFTA, she does not describe the specific sections that are in violation. With regard to the assertion that Defendant did not take any action to her claim of a fraudulent charge, Plaintiff has attached a copy of a letter from Defendant sent on October 2, 2015, explaining why Defendant would not reimburse her for the alleged fraudulent charge. 15 U.S.C. § 1693f sets forth the relevant statutory framework or error resolution under the EFTA. Under the EFTA, upon providing notice of an error, the financial institution "shall investigate the alleged error, determine whether an error has occurred, and report or mail the results of such investigation and determination to the consumer within ten business days." 15

U.S.C. § 1693f(a). The financial institution is required to either correct the error or mail the consumer an explanation of why they in good faith believe that no error occurred. Id. at § 1693f(b-d). The letter from Defendant explaining why they are not responsible for repayment of the alleged fraudulent charge appears to be a written explanation finding an absence of error. As the letter is attached as an exhibit to the complaint, it is adopted by reference and considered part of the pleading. Fed. R. Civ. P. 10(c). Accordingly, even though Plaintiff claims that Defendant did nothing in response to her inquiry, her allegation is contradicted by the correspondence from Defendant incorporated into the pleading. It therefore appears that her claim that Defendant took no action is without merit, and not a basis for a claim under the EFTA.

Plaintiff also claims that Defendants failed to issue her a new card and that the rebate cards were issued with illegal expiration dates and service fees. The Court is not aware of any section of the EFTA that requires the issuance of a new card. To the extent that Plaintiff wishes to present a claim based on the failure to issue a new card, she must allege claims in an amended complaint that specifically allege which sections of the EFTA provide relief for such action.

Finally, with regard to Plaintiff's claim that the cards were issued with illegal expiration dates and service fees, she must explain why the rebate card is not considered "a loyalty, award, or promotional gift card" and therefore excluded from such protections provided to prepaid cards, gift certificates, and store gift cards under 15 U.S.C. § 1693l. From the facts stated in the complaint, the cards were given as a rebate for a purchase, and appear to be award or promotional gift cards, rather than other prepaid gift cards or gift certificates. As such, should Plaintiff desire to present these claims, she must describe in her amended complaint why the rebate cards are not excluded from the provisions of § 1693l. Without amended claims that specifically establish relief under the FRCA or EFTA, Plaintiff has not established a federal cause of action and cannot establish subject matter jurisdiction.

### V. Other Motions

Plaintiff has filed motions for the Clerk's office to issue summons. As Plaintiff must file an amended petition to establish subject matter jurisdiction, it is premature to provide summons and serve an inoperative complaint on Defendant. Accordingly, it is recommended that the motion requesting the Court issue summons be dismissed without prejudice. (ECF No. 6.)

Plaintiff also seeks the Court's permission to file documents electronically through the electronic case management/filing ("CM/ECF") system. Pursuant to the Local Rules, a pro se party shall file and serve paper documents as required by the Rule. Local Rule 133(a). A party appearing pro se may request an exception to the paper filing requirement from the court by filing a stipulation of the parties or by motion. Local Rule 133(b)(2), (3).

Upon review of the pleadings in this action, the instant motion, and Plaintiff's prior actions, the Court finds that this action does not warrant an exception to the Local Rule and it is recommended that Plaintiff's motion for permission to file through CM/ECF be denied.

### VI. Recommendation

Accordingly, it is hereby recommended that the complaint be dismissed for failure to establish subject matter jurisdiction. However, it is further recommended that Plaintiff be provided leave to amend to attempt to state federal claims in an amended petition. Further, it is recommended that Plaintiffs motions for the issuance of summons and for leave to file electronically be denied.

This Findings and Recommendation is submitted to the assigned District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within fourteen (14) days after service of the

objections. Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: August 25, 2016          /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE