UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEIGH DAVIS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AMERICAN EXPRESS PREPAID CARD MANAGEMENT CORPORATION,<br><br>　　　　　Defendant. | CASE NO. 1:16-cv-00591-MJS<br><br>**ORDER DENYING MOTION FOR EXTENSION OF TIME**<br><br>**(ECF NO. 21)**<br><br>**ORDER DENYING REQUEST FOR RECONSIDERATION**<br><br>**(ECF NO. 22)**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT WITH PREJUDICE AND WITHOUT LEAVE TO AMEND**<br><br>**(ECF NO. 1)**<br><br>**THIRTY (30) DAY OBJECTION DEADLINE** |

**I.　Procedural History**

Plaintiff Leigh Davis proceeds pro se proceeds pro se and in forma pauperis in this complaint against American Express Prepaid Card Management Corporation, seeking relief under the Federal Credit Reporting Act, the Federal Credit Card Responsibility and Disclosure Act, and various provisions of state law. (ECF No. 1.)

On August 26, 2016, the undersigned screened Plaintiff's complaint and concluded that it did not state a claim that would confer jurisdiction on the Court. The undersigned recommended that the complaint be dismissed with leave to amend. (ECF No. 9.) Before the findings and recommendations were addressed by the District Judge, Plaintiff filed an interlocutory appeal. (ECF No. 13.) The appeal was dismissed for lack of jurisdiction. (ECF No. 16.) Thereafter, the District Judge adopted the findings and recommendation and granted Plaintiff thirty days in which to file an amended complaint. (ECF No. 21.)

On January 12, 2017, Plaintiff filed a motion for a fourteen day extension of time to file an amended complaint. (ECF No. 21.) On March 1, 2017, Plaintiff filed a document styled, "Notice: 1. Confirming Court is intentionally violating ADA and 2. Objection to the Court's Order to file amended complaint and submitting on the original complaint." (ECF No. 22.)

**II.    Discussion**

Plaintiff states that she does not intend to amend and instead wishes to proceed with her original complaint. Thus, Plaintiff has elected to stand on her complaint, despite the deficiencies previously noted by the Court. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). In light of Plaintiff's election, the undersigned's prior screening order, and the District Judge's prior review of that screening order, the Court will recommend that the complaint be dismissed for failure to establish subject matter jurisdiction.

Furthermore, in light of Plaintiff's election not to amend, the Court will deny as moot the motion for extension of time in which to file an amended complaint.

**III.    Other Requests**

Plaintiff claims that the Court is in violation of the Americans with Disabilities Act because it previously denied her request for leave to file electronically. (ECF No. 9.)

To the extent Plaintiff seeks reconsideration of the Court's prior order, reconsideration will be denied. "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in earlier litigation." Id. Moreover, "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (9th Cir. 2001) (quoting Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856-57 (D.N.J. 1992)). Similarly, Local Rule 230(j) requires that a party seeking reconsideration show that "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion . . . ."

Pursuant to Eastern District of California Local Rule 133(b)(2), "[a]ny person appearing pro se may not utilize electronic filing except with the permission of the [assigned judge]." (emphasis in original.) A request to file electronically must set out an explanation for the exception. E.D. Local Rule 133(b)(3). Plaintiff's request stated that attorneys who have not made an appearance in this action wish to view court documents, and that Plaintiff has a recognized disability. She further stated that leaving her home, making copies, and mailing copies to the Court caused her financial hardship. The Court concluded that an exception was not warranted on these grounds. Plaintiff fails to present a basis for reconsideration. Indeed, Plaintiff has submitted numerous filings in this action; her inability to file electronically does not appear to have hampered her ability to proceed with this case.

To the extent Plaintiff contends that the Court is in violation of the Americans with Disabilities Act, neither the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq., nor § 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794, appears to apply to Plaintiff's request. The plain language of Title II the ADA excludes the federal government from the reach of the statute. 42 U.S.C. § 12131(1) (defining a "public entity" as any state or local government, instrumentality thereof, or the National Railroad Passenger Corporation). Additionally, several courts have found that the ADA does not apply to the federal government. See, e.g., Mary Jo. C. v. N.Y. State & Local Ret. Sys., 707 F.3d 144, 170 n.11 (2d Cir. 2013) ("Title II of the ADA is not applicable to the federal government[.]" (citation and internal quotation marks omitted)); Henrickson v. Potter, 327 F.3d 444, 447 (5th Cir. 2003) ("[T]he entire federal government is excluded from the coverage of the ADA"). Similarly, the Rehabilitation Act does not apply to the federal courts: it only covers Executive agencies, the United States Postal Service, and certain categories of programs and activities receiving Federal funding. See 29 U.S.C. § 794(a). Those programs and activities do not include the courts. See 29 U.S.C. § 794(b).

To the extent Plaintiff seeks reconsideration of the Court's prior order regarding electronic filing, reconsideration will be denied.

**IV.     Conclusion, Recommendation, and Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for extension of time (ECF No. 21) is DENIED as moot; and

2. Plaintiff's "Notice Confirming Court is Intentionally Violating ADA" (ECF No. 22) is construed as a motion for reconsideration and is DENIED.

Furthermore, it is HEREBY RECOMMENDED that Plaintiff's complaint (ECF No. 1) be dismissed with prejudice and without leave to amend for failure to establish subject matter jurisdiction.

The findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **thirty** (30) days after being served with the findings and recommendation, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: April 18, 2017 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE